CHARLES T. NICHOLS *v.* JAMES BAXTER & others.

A mortgagee, merely as such, has no interest in or claim to a policy of insurance effected by the mortgagor upon the mortgaged property for his own benefit.

A covenant, or a contract, express or implied, by the mortgagor, that he will keep the mortgaged premises insured during the existence of the mortgage, for the benefit of the mortgagee, creates an equitable lien in favor of the latter upon the money due for a loss upon a policy effected by the former in his own name upon the mortgaged property, whether the policy exist upon the property at the time of the mortgage, or be afterwards taken out by the mortgagor; and where, in case of an existing policy of a certain amount, having six years to run at the time of the execution of the mortgage, a condition in the mortgage called for the keeping up of insurance by the mortgagor of precisely that amount for the benefit of the mortgagee, the amount, in case of loss, to be payable to him, *it was held,* that, by virtue of the contract of the parties, evinced by such a condition, the mortgagee had an equitable lien, after loss, upon the amount due upon the policy of the mortgagor, notwithstanding a clause in the condition permitted the mortgagee, in default of the fulfilment of such condition by the mortgagor, to take out a policy of that amount, for his protection, at the expense of the mortgagor, and under the security of the mortgage for the premiums paid by him therefor.

In such case, the insurance company and an assignee of the policy, both of whom were notified of the equity of the mortgagee prior to the assignment, were held to be subject to that equity.

If, in such case, a suit at law to recover the loss upon the policy be pending between the legal owner of the policy and the insurance company, a court of equity will not, upon motion for a preliminary injunction, enjoin all further proceeding in such suit, but will, to avoid expense and delay, and to ascertain the legal rights of the parties, allow the suit to proceed to final judgment; enjoining the company from paying to the plaintiff in the suit, and the plaintiff from receiving from the company, the amount of the loss, and ordering that the mortgagee shall be allowed to appear in and prosecute the pending suit at law, for the protection of his equitable lien upon the loss contested in it.

If, in such case, the mortgagee has, pending the controversy between himself and the mortgagor, concerning the insurance money, sold the mortgaged premises under a power contained in the mortgage, and at the sale purchased them in himself, but in the name of a third person, such purchase cannot stand in a court of equity, if the mortgagor applies, in time, to set it aside; and as this equity of the mortgagor grows out of the same transaction in which the mortgagee applies to the court to enforce his equitable lien upon the insurance money, the court will, upon final hearing, enforce the lien only upon condition that the mortgagor be permitted, notwithstanding the sale, to redeem the mortgage.

MOTION FOR A SPECIAL INJUNCTION. On the 27th day of March, 1857, the complainant, Nichols, loaned to the defendant, Baxter, the sum of $350, and received from him therefor his promissory note of that date, for the same sum, payable one year after date, with interest payable semi-annually; said note being secured by a mortgage given by Baxter, with a

power of sale, upon two lots of land, with a small dwelling-house thereon, situated in North Providence. The condition of the mortgage was, that if the grantor should repay the loan, " and, until such payment, keep the buildings standing on the land aforesaid insured against fire, in a sum not less than $250, for the benefit of the mortgagee, and payable to him in case of loss, at some insurance office approved by him; or, in default thereof, shall, on demand, pay to said mortgagee all such sums of money as the said mortgagee shall reasonably pay for such insurance, with interest, and also pay all taxes levied or assessed upon the said premises, then this deed," as also the promissory note given to secure the loan, should be absolutely void. The mortgage contained no covenant or agreement, on the part of the mortgagor, to insure the buildings upon the mortgaged premises other than what was to be implied from the above condition. At the time of executing the mortgage there was outstanding a policy of insurance, effected by Baxter with the Franklin Mutual Fire Insurance Company, insuring the dwelling-house on the mortgaged lots against fire to the amount of $250, for a term of seven years, to wit, from the 12th day of February, 1856, the day of the date of the policy, to the 12th day of February, 1863, the loss payable to Baxter, and which he had never assigned to the complainant, nor, as it would seem, previous to the loss, been requested to assign to him. The dwelling-house insured was destroyed by fire in April, 1858, the mortgage remaining wholly unpaid, both as to principal and interest; and the insurance company was ready to pay the loss to any one entitled to receive it. Baxter, however, being called upon after the fire by the complainant to give him an order upon the insurance company for the amount of the loss towards his mortgage, refused to do so, not pretending that the complainant was not entitled to it according to the contract between them, but that, from neglect to obtain an assignment of the policy, the complainant was without remedy, and that he, Baxter, had obtained an advantage which he would not relinquish. After several attempts on the part of the complainant to adjust the matter with Baxter, which failed, the complainant gave notice to the insurance company of his equitable claim to the amount due upon the

policy, who thereupon refused to pay it either to the complainant or Baxter without being, for the sake of a legal discharge, compelled so to do. Baxter then assigned the policy to a creditor, one William Dwyer, who had, previous to receiving the assignment, notice of the claim of the complainant, and the latter commenced a suit upon the policy against the insurance company to recover the loss, in the name of Baxter as his trustee, which suit was pending in the court of common pleas for the county of Providence. There was some conflict in the evidence, at the hearing of the motion, as to the value of the land, and whether, subject as it was to the claim of dower of Baxter's wife, it was equal to the amount of the mortgage. It appeared that the complainant had sold the lots at public auction, under the power contained in his mortgage, for a sum quite insufficient to pay his mortgage; but it was avowed by his counsel that the sale was never carried into effect, and as far as the proof disclosed, the land was knocked down to a by-bidder for the complainant himself. Whether a deed of the premises had been given by the complainant to the apparent purchaser, did not with certainty appear. The bill, which was filed against Baxter, Dwyer, and the Franklin Mutual Insurance Company, prayed, that the latter might be enjoined from paying the amount due upon the policy to Baxter or Dwyer, and might be ordered to pay the same to the complainant towards his mortgage debt; that Baxter and Dwyer might be enjoined from further prosecuting their suit against the insurance company to recover the loss; that the right of the complainant to receive the same as a part of his mortgage security and towards his mortgage debt might be established, and concluded with a prayer for general relief. The petition was for a preliminary injunction, enjoining the insurance company from paying, and Baxter from receiving, the insurance money, and both Baxter and Dwyer from prosecuting the suit upon the policy, and ordering the amount due upon the policy to be paid to the petitioner.

*William H. Potter*, for the motion.

*B. F. Thurston*, against it.

AMES, C. J. A mortgagee of property, real or personal, merely as such, has no interest in or claim to a policy of

insurance effected by the mortgagor upon the property mortgaged for his own benefit. Each has an insurable interest in such property, and may protect himself against loss by his own contract of insurance. It is obvious, however, that such separate and disconnected action on the part of those interested in the same insurable subject, tending as it does to over-insurance and double premiums, is both difficult and expensive; and accordingly, the insurance of mortgaged property is ordinarily regulated, by some contract between the mortgagor and mortgagee respecting it, for the benefit of both. If the mortgagor have a policy upon it outstanding at the time of the mortgage, adequate in the judgment of the mortgagee to his protection, it is usually, with the consent of the insurers, assigned by the mortgagor to him, as collateral security for his mortgage debt. If no such policy exist, the mortgagee, in general, requires a policy in the requisite amount to be taken out by the mortgagor, payable, in the event of loss, to him, or, at least, requires the mortgagor to covenant, or in some form to contract, that he will insure, and keep the mortgaged premises insured in that amount for his benefit during the existence of the mortgage, and in default, that the mortgagee may himself effect such insurance for the common protection, the premiums paid by him therefor, to be secured by the mortgage. An executory agreement by the mortgagor to insure for the benefit of the mortgagee, whether express or implied, gives to the latter an equitable lien upon the money due upon a policy taken out by the former upon the mortgaged premises, to the extent of the interest of the mortgagee therein, which a court of equity will enforce to the satisfaction of the amount due upon the mortgage. *Thomas's Ex'rs* v. *Van Kaff's Ex'rs*, 6 Gill & Johns. 372; *Carter* v. *Rockett*, 8 Paige, Ch. R. 437, 438; and see *Vernon* v. *Smith*, 5 Barn. & Ald. 1, 6, remarks of Best, J.

Does the case before us disclose such a contract on the part of Baxter, the mortgagor, with his mortgagee, Nichols? It is objected that the evidence of it does not exist in the form of a direct covenant in the mortgage to make or keep up such insurance, but only in the condition of the mortgage; and that *in default* of the performance of such condition by Baxter, the

contract itself provides the sole remedy for the mortgagee, to wit, to procure insurance himself at the expense of the mortgagor, and under the security of the mortgage for the premiums paid by him therefor.   We do not feel the force of this objection.   How can we account for such a condition, except upon the supposition of an agreement by the mortgagor to keep the little dwelling-house upon the mortgaged premises insured for the benefit of the mortgagee, which the condition was designed by the parties to enforce ?   The words, " *or in default thereof,*" are quite significant of such an agreement ; and the liberty to the mortgagee to insure at the expense of the mortgagor, and under security of the mortgage for the premiums, which these words precede, are quite satisfied by applying it to the possible case of the failure of the existing insurance, without supposing that it was designed to deprive him of any equitable lien upon such insurance, or to turn him over, as his sole remedy, to the additional difficulty and expense for both parties, of procuring new insurance.

The form of mortgage used by the parties is the ordinary printed form of Massachusetts, and the condition respecting insurance, is the usual printed condition of that form ; and it will be incidentally noticed, that the supreme court of that state, when speaking in *Fowley* v. *Palmer*, 5 Gray, 549, 551, of such a condition, speak of and reason from it, as the *contract*, as well as the *condition*, of the parties to the mortgage before them.

Besides, at the time when the mortgage was executed, the mortgagor held the policy in question insuring his dwelling-house to the amount of $250, and this policy had then about six of its term of seven years to run.   The condition of the mortgage is, that the mortgagee shall, during the existence of the mortgage, keep the buildings on the mortgaged premises insured in this precise amount for the benefit of the mortgagee, the same in case of loss to be payable to him.   This condition would have been well fulfilled by an assignment of that policy, with the consent of the insurance company, to the complainant ; and we have no doubt, from its existence and the coincidence of its amount with that required by the condition, that the

parties contemplated the fulfilment of the condition by such an assignment. Indeed the admissions of Baxter, sworn to in the affidavit of Stiness, are in exact correspondence with such an understanding of the parties ; Baxter putting his refusal to assign this policy, after the loss, not upon the ground that such was not the obligation imposed upon him by the contract between him and the complainant, but upon the ground that the complainant, by neglecting to demand such an assignment before the loss, had given him an advantage, of which he meant to avail himself. That advantage may and will avail him in a court of law, but, considering the contract, for that very reason entitles the complainant to the interposition in his favor of a court of equity. Both the insurance company and the assignee of the policy, Dwyer, are subject to the same equity as Baxter ; since both had notice, prior to the assignment to Dwyer, of the equitable lien of the complainant.

We shall enjoin the insurance company from paying to Baxter or. Dwyer, and them from receiving from the insurance company, the amount of the loss upon this policy, until the further order of this court ; but we think, in order that the insurance company may avail themselves of any legal defence which they may have to the suit at law pending upon the policy, and to save delay and expense, that the suit, as was eventually done in *Barnard* v. *Wallis, Craig* v. *Phillips*, 91, should be allowed to proceed to final judgment, with this additional order, to enable the plaintiff to protect his equitable interest in the policy, that he shall be allowed to appear and prosecute the same in the name of the plaintiff.

As the amount in dispute is small, and will be swallowed up in the expenses of this double litigation, if protracted, we will suggest, in order to a speedy settlement between the parties, that if it shall, upon full trial of this case, appear, as is complained by Baxter, that the plaintiff has, pending this controversy, sold the mortgaged premises under his power and purchased them at the auction sale, in the name of a third person, himself, and especially if he has done so at a great undervalue, that we shall enforce the lien of the plaintiff upon the money due upon this policy only upon condition, that Baxter shall be

allowed to redeem the mortgage notwithstanding such sale. A purchase of the mortgaged estate by the mortgagee, at a sale ordered by him under his power, cannot stand in a court of equity if the mortgagor applies in time to set it aside ; and as the equity of the respondent, Baxter, grows out of the same transaction in which the complainant applies to us for equitable relief, the rule applies, " that he who seeks, must first do equity."